IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRAHEEM GRANT, : | |
| Plaintiff : | |
| v. : | CIVIL NO. 3:CV-13-2371 |
| DAVID VARANO, ET AL., : | (Judge Conaboy) |
| Defendants : | |

## MEMORANDUM
### Background

Braheem Grant, an inmate presently confined at the State Correctional Institution, Coal Township, Pennsylvania (SCI-Coal Twp.), initiated this pro se civil rights action. By Memorandum and Order dated September 15, 2014, Defendants' motion to dismiss was partially granted. See Doc. 35.

Plaintiff's surviving claim is that Remaining Defendant, SCI-Coal Twp. Correctional Officer Tony Kinney, served the Plaintiff a dinner tray in the prison's Restricted Housing Unit (RHU) on September 15, 2011 which contained a metal object (razor blade) which caused lacerations to Plaintiff's mouth.[1] Kinney, who wa accompanied by Correctional Officer Baker, also purportedly told Plaintiff to enjoy his meal and flashed him a quick smile. See Doc. 1, ¶ 48. At a later point in the Complaint, Plaintiff

---

1. The claim for money damages against CO Kinney in his official capacity was previously found to be barred by the Eleventh Amendment.

similarly alleges that Kinney "intentionally placed a razor blade in Plaintiff's meal tray." Id. at ¶ 72.

Presently pending is the Remaining Defendant's motion for summary judgment. See Doc. 59. Although granted an enlargement of time in which to file a response, Plaintiff has failed to do so. Consequently, the unopposed motion is ripe for consideration.

## Discussion

The Remaining Defendant argues that he is entitled to entry of summary judgment because "Grant is without any evidence that Kinney tampered with his food." Doc. 60, p. 6.

**Standard of Review**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); See also Saldana v. Kmart Corp., 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. Id. at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. Saldana, 260 F.3d at 232; see also Reeder v. Sybron Transition Corp., 142 F.R.D. 607, 609 (M.D. Pa. 1992). Unsubstantiated arguments made in briefs are not considered evidence of asserted facts. Versarge v. Township of Clinton, 984 F.2d 1359, 1370 (3d Cir. 1993).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. See Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Id. (internal quotations omitted); see also Saldana, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." Celotex, 477 U.S. at 322-23. "'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.'" Saldana, 260 F.3d at 232 (quoting Williams v. Borough of West Chester, 891 F.2d 458, 460-61 (3d Cir. 1989)).

As discussed earlier. Although granted an enlargement of time in which to do so, Grant has not filed either an opposing brief nor an opposing statement of material facts. In fact, the Plaintiff has not responded in any manner whatsoever to the pending summary judgment motion other then seeking an extension of time.

Once the moving party has satisfied its burden of identifying evidence which demonstrates an absence of a genuine issue of material fact, see Childers v. Joseph, 842 F.2d 689, 694 (3d cir. 1988), the nonmoving party is required by Federal Rule of Civil Procedure 56(e) to go beyond the pleadings by way of

3

affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue. <u>Celotex</u>, 477 U.S. at 324. In relevant part, Rule 56(e) states in relevant part :

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required in Rule 56(c), the court may:
> (2)  consider the fact undisputed for purposes of the motion;
> (3)  grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show the movant is entitled to it;

When Rule 56(e) shifts the burden of proof to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial. <u>Celotex</u>, 477 U.S. at 324. If, however, "the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented." Advisory Committee Notes to F.R.C.P. 56(e)(1963 Amend.).

Local Rule 56.1 similarly provides that all material facts set forth in the statement of materials of facts required to be served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

**Razor Blade**

As acknowledged by the Remaining Defendant, "[u]ndisputed facts show Kinney and Baker served Grant his dinner meal tray. Grant bit into his food and felt a sharp pain. Grant spit out his

4

food and noticed blood.  Metal was discovered in Grant's food. Grant suffered minor lacerations inside his mouth." Doc. 60, p. 5.

Remaining Defendant Kinney has submitted a declaration under penalty of perjury wherein he acknowledges that he is employed as an SCI-Coal Twp. Correctional Officer.  See Doc. 62, Exhibit C, ¶ 1.  Kinney admits that on September 15, 2011 he was working in the RHU with CO Baker.  Kinney points out that that the meal served to Plaintiff would have been on a tray covered by a lid and that on said date, Inmate Grant was housed in the second to last RHU cell to be served the evening meal. As such, the meal served to Grant would have been at the bottom of a stack of trays delivered to the RHU on a cart.  The Remaining Defendant notes that the food cart sits in the RHU hallway prior to distribution and two correctional officers and an inmate jointly hand out the meals.  In addition, numerous staff and prisoners have access to the meal trays from the time they are prepared in the kitchen until they are delivered to the cells.

According to the Remaining Defendant's declaration for Kinney "to place a foreign object in food in the specific meal tray Grant eventually received would have required approaching the cart loaded with meal trays in a well traveled hallway ... removing a number of meal trays sitting on top of that one and setting them aside momentarily at some point prior to pushing the cart with the meal trays into and around the Unit or removing the cover just prior to handing out that specific tray which would occur in front of the other officer and inmate assisting with handing out the meal trays." Id. at ¶ 13.

Furthermore, while Kinney was admittedly involved in distribution of the evening meal, access to and distribution of razors to RHU prisoners occurs three times a week and is performed by correctional officers working on an earlier shift. The Remaining Defendant avers that he "did not place a razor, part of a razor or any metal object in any food on any meal tray on September 15, 2011." Id. ¶ 14. Moreover, Kinney adds that he was not aware of anyone else doing so.

Also submitted in support of the request for summary judgment is an undisputed declaration under penalty of perjury by SCI-Coal Twp. Correctional Officer Brock Baker. See id. at Exhibit D. Baker admits that he worked with the Remaining Defendant in the RHU on September 15, 2011. His declaration reiterates the version of the relevant events provided by Kinney. Baker denies placing a razor or any metal object in the meal delivered to Inmate Grant on said date and specifically states that "I am not aware of CO Tony Kinney or anyone else placing a razor or any metal object in any food on any meal tray on September 15, 2011." Id. at ¶ 15.

Remaining Defendant has also provided a copy of Plaintiff's deposition testimony which does not provide any indication that Grant witnessed Kinney placing anything in his food, only that Kinney was one of two correctional officers who delivered his meal tray. See id. at Exhibit E. Moreover, neither the Complaint nor Plaintiff's deposition indicate that he has any evidence establsihing that it was Kinney who tampered with his food.

The Eighth Amendment's prohibition of cruel and unusual punishment imposes duties on prison officials to provide prisoners with the basic necessities of life, such as food, clothing,

6

shelter, sanitation, medical care and personal safety. See Helling v. McKinney, 509 U.S. 25, 31 (1993). Prison conditions may amount to cruel and unusual punishment if they cause "unquestioned and serious deprivations of basic human needs ... [that] deprive inmates of the minimal civilized measure of life's necessities." Tillman v. Lebanon County Correctional Facility, 221 F.3d 410 (3d Cir. 2000). An Eighth Amendment claim against a prison official must meet two requirements: (1) "the deprivation alleged must be, objectively, sufficiently serious;" and (2) the "prison official must have a sufficiently culpable state of mind."[2] Farmer v. Brennan, 511 U.S. 825, 834 (1994). In prison conditions cases, "that state of mind is one of 'deliberate indifference' to inmate health or safety." Id.

This Court's September 15, 2014 Memorandum and Order noted that there were no facts asserted which clearly showed that Kinney was the individual who tampered with the Plaintiff's food tray. It is the function of this Court in reviewing the pending request for summary judgment to determine whether the Remaining Defendant has satisfied his burden of showing that there is no genuine issue as to any material fact. In light of Plaintiff's failure to oppose the request for summary judgment that burden has been satisfied.

Based upon the undisputed evidence submitted by the

---

2. Under Farmer, deliberate indifference is a subjective standard in that the prison official must actually have known or been aware of the excessive risk to inmate safety. Beers-Capitol v. Whetzel, 256 F. 3d 120, 125 (3d Cir. 2001). This requirement of actual knowledge means that "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

Remaining Defendant, especially the declarations of Baker and Kinney as well as as the Plaintiff's own deposition testimony, there are simply no facts other than the Plaintiff's speculative contention which could support a claim that the Remaining Defendant had any personal involvement whatsoever in the purported food tampering incident.

This conclusion is bolstered that the undisputed record indicates that this was a one time incident and that numerous other prison staff members and prisoners had opportunity to tamper with Plaintiff's food tray.  There are simply no facts presented to show that Kinney had any participation, knowledge or acquiescence in the alleged act of food tampering.  Based upon the undisputed facts, the unopposed request for entry of summary judgment will be granted.  An appropriate Order will enter.

_____
RICHARD P. CONABOY
United States District Judge

DATED: FEBRUARY 26TH, 2016

FILED
SCRANTON

FEB 2 5 2016

PER _____
DEPUTY CLERK

8